**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| KIMBERLY TRIETSCH, § | |
| f/k/a KIMBERLY GILLIS § | |
| § | |
| *Plaintiff*, § | |
| § | Case No. 4:26-cv-00556-P |
| v. § | |
| § | |
| FIRST NATIONAL BANK OF OMAHA, § | |
| EQUIFAX INFORMATION SERVICES, § | |
| LLC and EXPERIAN INFORMATION § | |
| SOLUTIONS, INC., § | |
| § | |
| *Defendants*. § | |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Experian Information Solutions, Inc., ("Experian"), by and through its undersigned counsel, and answers Plaintiff Kimberly Trietsch's ("Plaintiff") Complaint (the "Complaint") as follows:

**PRELIMINARY STATEMENT**

1.      In response to paragraph 1 of the Complaint, Experian admits that the Complaint purports to state a claim for actual, statutory, and punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681 *et seq.* Experian denies that it has violated the FCRA and denies that it is liable to Plaintiff for any alleged damages. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 1 of the Complaint.

**JURISDICTION AND VENUE**

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on 28 U.S.C. § 1331 and the Fair Credit Reporting Act, 15 U.S.C. §

- 1 -

1681p. Experian states that this is a legal conclusion which is not subject to denial or admission.

3.        In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged venue in this District is appropriate under 28 U.S.C. § 1391(b)(2). Experian states that this is a legal conclusion which is not subject to denial or admission. Regarding any remaining allegations, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies generally and specifically each and every allegation therein.

## PARTIES

4.        In response to paragraph 4 of the Complaint, Experian admits that Plaintiff alleges she is a "consumer" as defined by 15 U.S.C. § 1681a(c). Experian states that this is a legal conclusion not subject to admission or denial. Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

5.        In response to paragraph 5 of the Complaint, the allegations contained therein are directed to another Defendant. Accordingly, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6.        In response to paragraph 6 of the Complaint, the allegations contained therein are directed to another Defendant. Accordingly, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7.        In response to paragraph 7 of the Complaint, Experian admits that it is a

"consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and, as such, issues consumer reports as defined by 15 U.S.C. § 1681a(d). Experian further admits that it is qualified to do business and conduct business in the State of Texas. Experian also admits that its registered agent for service of process is CT Corporation System, located at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Experian also admits that it is a foreign corporation. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation of paragraph 7 of the Complaint.

8.      In response to paragraph 8, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein. Experian also admits that Plaintiff alleges that her debt is a "consumer debt" as defined by 15 U.S.C. § 1692. Experian states that this is a legal conclusion not subject to admission or denial.

## FACTUAL ALLEGATIONS

9.      In response to paragraph 9 of the Complaint, Experian reasserts its answers and responses as though the same were set forth at length herein.

10.      In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11.      In response to paragraph 11 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein relating to Experian. As to the allegations in paragraph 11 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the

3

truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 11 of the Complaint.

12.     In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13.     In response to paragraph 13 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

14.     In response to paragraph 14 of the Complaint, the allegations contained therein are directed to another Defendant. Accordingly, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

15.     In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein relating to Experian. As to the allegations in paragraph 15 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 15 of the Complaint.

16.     In response to paragraph 16 of the Complaint, Experian denies that it has violated the Fair Credit Reporting Act. As for Plaintiff's remaining allegations in paragraph 16 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically,

each and every allegation contained therein relating to Experian. As to the allegations in paragraph 16 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 16 of the Complaint.

17.    In response to paragraph 17 of the Complaint, Experian denies that it has violated the Fair Credit Reporting Act. As for Plaintiff's remaining allegations in paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein relating to Experian. As to the allegations in paragraph 17 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 17 of the Complaint.

18.    In response to paragraph 18 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian. As to the allegations in paragraph 18 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

19.    In response to paragraph 19 of the Complaint, Experian denies that Plaintiff was damaged because of Experian, and Experian denies, generally and specifically, each and every remaining allegation as it relates to Experian.

20.    In response to paragraph 20 of the Complaint, Experian denies, generally and

specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 20 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

## CLAIMS FOR RELIEF

FIRST CLAIM FOR RELIEF
FAIR CREDIT REPORTING ACT
(Experian and Equifax)
(15 U.S.C. § 1681n)

21.     In response to paragraph 21 of the Complaint, Experian reasserts its answers and responses as though the same were set forth at length herein.

22.     In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein relating to Experian. As to the allegations in paragraph 22 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 23 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 24 that relate to other Defendants, Experian is without knowledge or

information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

25.     In response to paragraph 25 of the Complaint, Experian denies that Plaintiff is entitled to attorney fees, and Experian further denies, generally and specifically, each and every remaining allegation as it relates to Experian.

SECOND CLAIM FOR RELIEF
FAIR CREDIT REPORTING ACT
(Experian and Equifax)
(15 U.S.C. § 1681o)

26.     In response to paragraph 26 of the Complaint, Experian reasserts its answers and responses as though the same were set forth at length herein.

27.     In response to paragraph 27 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein relating to Experian. As to the allegations in paragraph 27 of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28.     In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that relates to Experian.  As to the allegations in paragraph 28 that relate to other Defendants, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Experian denies that Plaintiff is entitled to attorney fees, and Experian further denies, generally and specifically, each and every remaining allegation as it relates to Experian.

7

THIRD CLAIM FOR RELIEF
FAIR CREDIT REPORTING ACT
(FNB Omaha)
(15 U.S.C. § 1681n)

30.      In response to paragraph 30 of the Complaint, Experian reasserts its answers and responses as though the same were set forth at length herein.

31.      The allegations contained in paragraph 31 of the Complaint are directed solely at Defendant FNB Omaha and not at Experian. Accordingly, no response from Experian is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 31.

32.      The allegations contained in paragraph 32 of the Complaint are directed solely at Defendant FNB Omaha and not at Experian. Accordingly, no response from Experian is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 32.

33.      The allegations contained in paragraph 33 of the Complaint are directed solely at Defendant FNB Omaha and not at Experian. Accordingly, no response from Experian is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 33.

34.      The allegations contained in paragraph 34 of the Complaint are directed solely at Defendant FNB Omaha and not at Experian. Accordingly, no response from Experian is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis,

8

denies, generally and specifically, each and every allegation contained in paragraph 34.

## FOURTH CLAIM FOR RELIEF
## FAIR CREDIT REPORTING ACT
(FNB Omaha)
(15 U.S.C. § 1681o)

35.     In response to paragraph 35 of the Complaint, Experian reasserts its answers and responses as though the same were set forth at length herein.

36.     The allegations contained in paragraph 36 of the Complaint are directed solely at Defendant FNB Omaha and not at Experian. Accordingly, no response from Experian is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 36.

37.     The allegations contained in paragraph 37 of the Complaint are directed solely at Defendant FNB Omaha and not at Experian. Accordingly, no response from Experian is required. To the extent a response is required, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained in paragraph 37.

## **TRIAL BY JURY**

38.     In response to the jury demand, Experian admits that Plaintiff has demanded a trial by jury on all issues triable.  Experian does not join in that demand.

## **PLAINTIFF'S PRAYER**

In response to the Prayer, Experian admits that Plaintiff has requested that the Court enter a judgment against Experian, to which no response is required. To the extent a response is required, Experian denies that Plaintiff is entitled to any of the relief requested in the Prayer, including without limitation subparts (1) through (4), or to any other relief whatsoever against

Experian.

\* \* \* \* \*

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### SECOND AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate Plaintiff's damages.

### THIRD AFFIRMATIVE DEFENSE
### (COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of third parties and resulted from third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### FOURTH AFFIRMATIVE DEFENSE
### (ARBITRATION)

Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)    That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

10

(2)    For costs of suit herein incurred; and

(3)    For such other and further relief as the Court may deem just and proper.


DATED: June 2, 2026                          Respectfully submitted,

                                             KASOWITZ LLP

                                             By:    */s/ Steven J. Owens*
                                                    Steven J. Owens
                                                    Texas State Bar No. 24098212
                                                    SOwens@kasowitz.com
                                                    1415 Louisiana Street, Suite 2100
                                                    Houston, TX 77002
                                                    (713) 220-8800
                                                    (713) 222-0843 (fax)

                                                    Katie Poore (*Pro Hac Vice* Forthcoming)
                                                    Goodwin Procter LLP
                                                    1900 N Street NW
                                                    Washington, DC 20036
                                                    Tel.  +1 202-346-4201
                                                    Fax.  +1 202-346-4444
                                                    KPoore@goodwinlaw.com

                                             *Attorneys for Defendant*
                                             *Experian Information Solutions, Inc.*

11

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed through the Court's ECF system on June 2, 2026, notice of which will be sent electronically to all counsel of record.

*/s/ Steven J. Owens*

Steven J. Owens