UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KIMBERLY TRIETSCH,**

    Plaintiff,

v.                                                    **No. 4:26-cv-00556-P**

**FIRST NATIONAL BANK OF OMAHA,
ET AL.,**

    Defendants.

### ORDER

Before the Court is Defendant Experian Information Solutions, Inc.'s Motion for Leave to Proceed Without Local Counsel. ECF No. 18. The Court will deny the Motion.

The Fort Worth Division has a long and consistent history of requiring litigants to strictly adhere to the Local Rules. *See, e.g.*, *Six Flags Ent. Corp. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:21-CV-00670-P, 2021 WL 2064903, at *1 (N.D. Tex. May 21, 2021) (Pittman, J.) (dismissing lawsuit without prejudice for failure to retain local counsel); *United States v. Thomas*, No. 4:13-CV-688-A, 2013 WL 11332537, at *1–2 (N.D. Tex. Sept. 5, 2013) (McBryde, J.) (holding that Local Rule 83.10(a) required Austin-based attorney to designate local counsel); *Robert Cook & Assocs., Inc. v. Ill. Nat'l Ins. Co.*, No. 7:09-CV-141-O, 2010 WL 11619707, at *1 n.1 (N.D. Tex. Aug. 19, 2010) (O'Connor, J.) (admonishing defense counsel that "disregard of the Local Rules is burdensome for those required to analyze and adjudicate Defendant's motion" and ordering counsel "to file a statement notifying the Court . . . why they failed to comply with the local rules and whether this failure should result in the forfeiture of their right to practice in the Northern District of Texas"); *Harper v. Am. Airlines, Inc.*, No. 4:09-CV-318-Y, 2009 WL 4858050, at *1–2 (N.D. Tex. Dec. 16, 2009) (Means, J.) (denying motion to declare class-certification motion timely because plaintiff

failed to comply with Local Rule 23.2 and "once on this Court's docket the case becomes subject to this Court's local rules").

Fort Worth is not Dallas; it is certainly not Houston. The Fort Worth Division has the greatest population of all the divisions in the country that have only two active district judges. As a result, the Division's docket is disproportionately fast and busy. Additionally, the undersigned does not hold hearings telephonically or via any remote videoconference platform. Ironically, the importance of Local Rule 83.10(a) can only truly be appreciated by those attorneys who regularly practice in this Division.

Local Rule 83.10(a) applies in the entire Northern District but has a special importance in the Fort Worth Division. The judges of this Division, including the undersigned, strictly enforce the rule not out of any animosity toward or distrust of out-of-town attorneys, but because it is essential to the smooth, efficient operation of the Division's busy and ever-growing docket. The Court has no doubt that Counsel will follow the Court's orders and local rules, nor does it question counsel's commitment to represent their client with as much zeal and skill as any Fort Worth attorney. The Court enforces Local Rule 83.10(a) here as it would in any case of this kind, absent extraordinary circumstances. The Court therefore **DENIES** the Motion.

**SO ORDERED** on this **3rd day of June 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2