**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| KIMBERLY TRIETSCH, f/k/a KIMBERLY GILLIS, <br><br> Plaintiff <br><br> v. <br><br> FIRST NATIONAL BANK OF OMAHA, EQUIFAX INFORMATION SERVICES, LLC, and EXPERIAN INFORMATION SOLUTIONS, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § | Case No. 4:26-cv-00556-P |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq.

**ANSWER:**

Equifax admits that Plaintiff brings a civil action alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Equifax denies that it violated the FCRA, denies that any action or inaction of Equifax proximately

**JURISDICTION AND VENUE**

**COMPLAINT ¶2:**

Jurisdiction of this Court is conferred by 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

**ANSWER:**

Equifax admits that, to the extent Plaintiff has properly alleged her claims, this Court may exercise its jurisdiction.

**COMPLAINT ¶3:**

Venue in this District is appropriate under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the acts and omissions that are the subject of this action, in this Judicial District. Plaintiff resides in Tarrant County, Texas, and in the Northern District of Texas.

**ANSWER:**

Equifax does not contest venue for this case only.

**PARTIES**

**COMPLAINT ¶4:**

Plaintiff is a natural person and is a resident of Arlington, Tarrant County, Texas. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶5:**

Defendant FIRST NATIONAL BANK OF OMAHA (hereafter "FNB Omaha") is a foreign legal entity registered to do business in Texas, and it may be served through its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 78701. Defendant is a "furnisher" of information under 15 U.S.C. § 1681s-2, who regularly and in the ordinary course of business furnishes credit information to one or more consumer reporting agencies about consumer transactions. FNB Omaha is a financial institution actively conducting business in Texas.

**ANSWER:**

The allegations in this paragraph are not directed toward Equifax, and, therefore, no response is required.

**COMPLAINT ¶6:**

Defendant EQUIFAX INFORMATION SERVICES, LLC (hereafter "Equifax") is a foreign for-profit corporation registered to do business in Texas, and it may be served through its registered agent, Corporation Services Company, at 211 East 7th Street, Suite 620, Austin, Texas

326039656v.1

78701. Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f), and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

**ANSWER:**

Equifax denies that it is a corporation. Equifax admits that it is registered to do business in Texas and that it maintains a registered agent in Texas. Equifax admits that some of its business activities meet the definition of consumer reporting agency set forth in the FCRA, and admits that allegation as to those activities only. Equifax admits that it sells consumer reports.

**COMPLAINT ¶7:**

Defendant EXPERIAN INFORMATION SOLUTIONS, INC. (hereafter "Experian") is a foreign for-profit corporation registered to do business in Texas, and it may be served through its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 78701. Defendant is a "consumer reporting agency," as defined 15 U.S.C §1681a(f), and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

**ANSWER:**

The allegations in this paragraph are not directed toward Equifax, and, therefore, no response is required.

**COMPLAINT ¶8:**

The alleged debt is an obligation or alleged obligation of the Plaintiff to pay any money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes. It is a consumer debt as defined by 15 U.S.C. § 1692.

**ANSWER:**

The allegations in this paragraph are not directed toward Equifax, and, therefore, no response is required.

326039656v.1

## FACTUAL ALLEGATIONS

**COMPLAINT ¶9:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the responses to the foregoing paragraphs as they the same were set forth at length herein.

**COMPLAINT ¶10:**

On June 9, 2025, Tarrant County Court entered a Take Nothing Final Judgment in favor of Plaintiff and against FNB Omaha. The Judgment dismissed Plaintiff's claim in full. Despite this judgment in favor of Gillis, and the fact that Gillis did not owe the debt, FNB Omaha continued reporting the account as a charge off with a $20,299 balance on Gillis's Equifax, Experian and Equifax consumer reports.

**ANSWER:**

Upon information and belief, Equifax admits that the Tarrant County Court entered a judgment on June 9, 2025, which speaks for itself. To the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied. By way of further response, Equifax admits that it received credit information pertaining to Plaintiff from FNB Omaha after June 9, 2025.

**COMPLAINT ¶11:**

On July 31, 2025, Plaintiff disputed the FNB Omaha account reporting on her consumer reports to Equifax, Experian and Equifax. Plaintiff's disputes informed the credit bureaus that the case was litigated to judgment in her favor. She included with her written dispute the court and case number with a copy of the Judgment, along with her current credit report, government issued ID and current address.

**ANSWER:**

Equifax admits that it received correspondence dated July 31, 2025 from Plaintiff or someone acting on Plaintiff's behalf, which speaks for itself. To the extent that Plaintiff misstates,

326039656v.1

misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶12:**

In Results of Investigation dated August 10, 2025, Equifax informed Plaintiff that the FNB Omaha account was not reporting on her credit report. However, FNB Omaha was reporting on Plaintiff's September 17, 2025 Equifax credit report as a charge off with a balance of $20,299. As of March 5, 2026, the FNB Omaha account was still reporting on Plaintiff's Equifax credit report as a charge off with a balance of $20,299.

**ANSWER:**

Equifax admits that it sent Plaintiff correspondence dated August 10, 2025, which speaks for itself. To the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied. Equifax admits that, on or around September 17, 2025 it issued a consumer credit file disclosure to Plaintiff, which speaks for itself. To the extent that Plaintiff misstates, misquotes, misuses, mischaracterizes, or takes out of context the contents thereof those allegations are denied.

**COMPLAINT ¶13:**

Experian processed Plaintiff's dispute in August 2025 and verified the reporting. As of March 5, 2026, the FNB Omaha account was still reporting on Plaintiff's Experian credit report as a charge off with a balance of $20,299.

**ANSWER:**

The allegations in this paragraph are not directed toward Equifax, and, therefore, no response is required.

**COMPLAINT ¶14:**

In Results of Investigation dated August 12, 2025, Trans Union informed Plaintiff that the FNB Omaha account was deleted from her credit report.

**ANSWER:**

The allegations in this paragraph are not directed toward Equifax, and, therefore, no response is required.

-5-

326039656v.1

**COMPLAINT ¶15:**

On or about September 23, 2025, Plaintiff was denied a Citibank credit card due to a delinquent credit obligation reporting on her Experian credit report. On or about September 24, 2025, Plaintiff was denied a Discover credit card due to a serious delinquency reporting on her Experian credit report. On or about September 24, 2025, Plaintiff was denied a WebBank Loan due to a past charge off. On or about October 13, 2025, Plaintiff was denied an Amazon credit account with FNB Omaha due to charge off(s) or bad debt collection(s) reporting on her Experian credit report. On or about October 22, 2025, Plaintiff was denied a personal loan with SOFT due to delinquent past or present credit obligations reporting on her Experian credit report.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

**COMPLAINT ¶16:**

The reporting of this inaccurate credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness. This information was furnished by FNB Omaha and reported and verified by Equifax and Experian, falsely attributing the balance and negative history to Plaintiff, resulting in lowering Plaintiff's credit score, loss of creditworthiness, credit reputation, and further Plaintiff's damages. Plaintiff's accurate credit is excellent. She pays her bills on time consistently and that is reflected on the other account on her reports.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph. By way of further response, Equifax states it does not generally

keep copies of the consumer reports it issues to third parties.

**COMPLAINT ¶17:**

As a result of the inaccurate reporting of this credit information and each of the Defendant's failure to conduct proper investigations, the FNB Omaha tradeline has been a substantial factor in Kimberly Gillis being denied credit.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph. By way of further response, Equifax states it does not generally

keep copies of the consumer reports it issues to third parties.

326039656v.1

**COMPLAINT ¶18:**

Because of the actions of Equifax, Experian, and FNB Omaha, Plaintiff's credit score has been negatively affected.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

**COMPLAINT ¶19:**

Because of this, the Plaintiff has suffered damages and future damages that have yet to be determined.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph.

**COMPLAINT ¶20:**

Plaintiff's credit reports, credit information, and credit files formulated by Equifax and Experian have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by FNB Omaha and reported by all three credit bureaus damaged Plaintiff's credit rating and lending availability.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of

the allegations in this paragraph. By way of further response, Equifax states it does not generally

keep copies of the consumer reports it issues to third parties.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**FAIR CREDIT REPORTING ACT**
**(Experian and Equifax)**
**(15 U.S.C. § 1681n)**

**COMPLAINT ¶21:**

Plaintiff realleges and incorporates paragraphs 1-20 as if fully set forth herein.

326039656v.1

**ANSWER:**

Equifax re-asserts and incorporates its responses to paragraphs 1-20 as if full set forth herein.

**COMPLAINT ¶22:**

Experian and Equifax willfully failed to comply with the requirements of the FCRA in the following ways: failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1681e(b), and failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1681i.

**ANSWER:**

Denied.

**COMPLAINT ¶23:**

As a result of Experian and Equifax's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damages to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER:**

Denied.

**COMPLAINT ¶24:**

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER:**

Denied.

**COMPLAINT ¶25:**

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**

Denied.

326039656v.1

**SECOND CLAIM FOR RELIEF**
**FAIR CREDIT REPORTING ACT**
**(Experian and Equifax)**
**(15 U.S.C. § 1681o)**

**COMPLAINT ¶26:**

Plaintiff realleges and incorporates paragraphs 1-20 as if fully set forth herein.

**ANSWER:**

Equifax re-asserts and incorporates its responses to paragraphs 1-20 as if full set forth herein.

**COMPLAINT ¶27:**

Experian and Equifax negligently failed to comply with the requirements of the FCRA in the following ways: failing to follow reasonable procedures to assure the maximum possible accuracy of the information in plaintiff's credit reports, as required by 15 U.S.C. § 1682e(b), and failing to conduct a reasonable investigation, as outlined in 15 U.S.C. § 1682i.

**ANSWER:**

Denied.

**COMPLAINT ¶28:**

As a result of Experian and Equifax's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damages to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER:**

Denied.

**COMPLAINT ¶29:**

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**

Denied.

326039656v.1

**THIRD CLAIM FOR RELIEF**
**FAIR CREDIT REPORTING ACT**
**(FNB Omaha)**
**(15 U.S.C. § 1681n)**

**COMPLAINT ¶30:**

Plaintiff realleges and incorporates paragraphs 1-20 as if fully set forth herein.

**ANSWER:**

Equifax re-asserts and incorporates its responses to paragraphs 1-20 as if full set forth

herein.

**COMPLAINT ¶31:**

FNB Omaha investigated the account upon receiving plaintiff's disputes from the credit reporting agencies. FNB Omaha willfully failed to conduct a reasonable investigation of plaintiff's dispute. As a result of its investigation, FNB Omaha continued to report false, derogatory information and allowed the dissemination of this false information to third parties. FNB Omaha failed to report the account as disputed by Plaintiff

**ANSWER:**

This Count is not directed toward Equifax, and, therefore, no response is required.

**COMPLAINT ¶32:**

As a result of FNB Omaha's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damages to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER:**

This Count is not directed toward Equifax, and, therefore, no response is required.

**COMPLAINT ¶33:**

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

**ANSWER:**

This Count is not directed toward Equifax, and, therefore, no response is required.

**COMPLAINT ¶34:**

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

**ANSWER:**

This Count is not directed toward Equifax, and, therefore, no response is required.

**FOURTH CLAIM FOR RELIEF**
**FAIR CREDIT REPORTING ACT**
**(FNB Omaha)**
**(15 U.S.C. § 1681o)**

**COMPLAINT ¶35:**

Plaintiff realleges and incorporates paragraphs 1-20 as if fully set forth herein.

**ANSWER:**

Equifax re-asserts and incorporates its responses to paragraphs 1-20 as if full set forth herein.

**COMPLAINT ¶36:**

FNB Omaha investigated the account upon receiving plaintiff's disputes from the credit reporting agencies. FNB Omaha negligently failed to conduct a reasonable investigation of plaintiff's dispute. As a result of its investigation, FNB Omaha continued to report false, derogatory information and allowed the dissemination of this false information to third parties. FNB Omaha failed to report the account as disputed by Plaintiff.

**ANSWER:**

This Count is not directed toward Equifax, and, therefore, no response is required.

**COMPLAINT ¶37:**

As a result of FNB Omaha's violations of the FCRA, plaintiff has suffered and continues to suffer damages, including denial of credit, lost opportunity to receive credit, damages to reputation, invasion of privacy, worry, fear, distress, frustration, embarrassment, and humiliation, all to her damages in an amount to be determined by the jury.

**ANSWER:**

This Count is not directed toward Equifax, and, therefore, no response is required.

326039656v.1

**TRIAL BY JURY**

**COMPLAINT ¶38:**

Plaintiff is entitled to and hereby respectfully demands a trial by jury.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

**PRAYER**

WHEREFORE, plaintiff prays that judgment be entered against defendants as follows:

1.    On Plaintiff's First Claim for Relief:

    a.    Actual damages in an amount to be determined by the jury;

    b.    Punitive damages in an amount to be determined by the jury.

    c.    Attorney fees and costs.

2.    On Plaintiff's Second Claim for Relief:

    a.    Actual damages in an amount to be determined by the jury;

    b.    Attorney fees and costs.

3.    On Plaintiff's Third Claim for Relief:

    a.    Actual damages in an amount to be determined by the jury;

    b.    Punitive damages in an amount to be determined by the jury;

    c.    Attorney fees and costs.

4.    On Plaintiff's Fourth Claim for Relief:

    a.    Actual damages in an amount to be determined by the jury;

    b.    Attorney fees and costs.

326039656v.1

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief sought from Equifax in the PRAYER, including all subparts.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

## SECOND DEFENSE

To the extent Plaintiff recovers from another entity for the same damages alleged to have been caused by Equifax, Plaintiff's recovery from Equifax, if any, should be barred or decreased by reason of the One Satisfaction Rule.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

-13-

DATED:  June 18, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Jennifer R. Brooks*

Jennifer R. Brooks, Bar No. 24103791
jrbrooks@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas  75201
Telephone:  (469) 608-6730

*Counsel for Defendant*
*Equifax Information Services LLC*

-14-

## CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jennifer R. Brooks*
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

326039656v.1